(July 2, 1926.)

IDAHO FALLS NATIONAL BANK, a Corporation, Respondent, v. BASH L. BENNETT, Trustee in Bankruptcy of the Estate of JOHN W. CLINGER, Voluntary Bankrupt; JOSEPHA M. CLINGER. WENDELL CLINGER, HENRY CLINGER, VIVIEN CLINGER, BERT CLINGER, KENNETH CLINGER, THELMA CLINGER, M. H. HARMON, ANDERSON BROTHERS, BANK OF RIGBY, a Corporation, and LABELLE IRRIGATION COMPANY, a Corporation, Defendants, and FIRST NATIONAL BANK OF RIGBY, and JOSIAH CALL, Appellants.

[247 Pac. 794.]

MORTGAGES—FORECLOSURE—EVIDENCE—ERRONEOUS REJECTION OF OFFER OF PROOF—ADMISSIONS AGAINST INTEREST—IMMATERIAL EVIDENCE.

1. Offer of proof in action to foreclose mortgage including water stock that plaintiff's predecessor, in proceedings . in federal court on mortgagor's bankruptcy, disclaimed mortgage lien on stock, and that decree sustaining mortgage was based thereon, *held* erroneously refused; it being material on identification of stock which had been changed by mortgagor and subsequently mortgaged to defendant.

2. Admissions against interest by party in former proceedings in court of competent jurisdiction on pertinent question involved are admissible.

3. Evidence relative to duty of water or amount of water actually necessary for land described in mortgage is immaterial in action to foreclose mortgage.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. George W. Edgington, Judge.

Publisher's Note.

2. Admissions against interest, see note in 30 Am. Dec. 544. See, also, 1 R. C. L. 468.

Evidence, 22 C. J., sec. 370, p. 329, n. 55.

Mortgages, 27 Cyc., p. 1616, n. 31 New, 40 New.

42 Idaho—45

Action to foreclose real estate mortgage, including water stock. Judgment for plaintiff foreclosing mortgage and decreeing sale of water stock. *Reversed and remanded.*

Peterson & Coffin, for Appellant.

Admissions against interest and conduct against interest on the part of a person asserting title to property are admissible in evidence under a general denial. (Wigmore on Evidence, 2d ed., secs. 267 and 1060.)

Where one of two equally innocent parties must suffer a loss, that party will be required to suffer it by whose act or by whose omission the wrong has been made possible or the injury has been occasioned. (*Hammonds v. Eads,* 146 Ky. 162, 142 S. W. 379; *Wilfert v. Duson,* 131 La. 21, 58 So. 1019.)

Merrill & Merrill, for Respondent.

If a litigant assumed a position in another court, in another trial, contrary to the position in the case at bar and such position misled or injured the adverse party such litigant may be estopped in the second cause, but the facts constituting such estoppel must be pleaded before evidence of what transpired in the former trial can be received. (*Leland v. Isenbeck,* 1 Ida. 469; *Murphy v. Lewis* (Tex. Civ. App.), 198 S. W. 1059; *Erickson v. Wiper,* 33 N. D. 193, 157 N. W. 592.)

BUDGE, J.—On November 22, 1920, John W. Clinger and his wife made, executed and delivered to the Farmers & Merchants' Bank of Idaho Falls their certain promissory note in the principal sum of $12,100, and, in order to secure the same, and on the same date, Clinger and wife made, executed and delivered to the above-named bank a real estate mortgage. The mortgage described the land mortgaged and contained the following provision:

"Also 180 inches of water in the LaBelle Irrigation Company, for which no stock certificate is yet issued. . . . . Also stock certificate No. 85, for 90 shares Labelle Irriga-

tion Company stock. Together with all the improvements, privileges and appurtenances thereunto belonging, . . . . together with all ditch and water rights of every nature, however evidenced, used on the said land or belonging to the same. . . . . "

The mortgage was duly recorded on November 24, 1920, in Jefferson county. From the testimony it appears that at the time the mortgage in question was given to the Farmers & Merchants' Bank, Clinger and wife held a certificate of stock in the Labelle Irrigation Company, No. 13, and there is evidence to the effect that, under certificate No. 13, water to the extent of 180 inches had been delivered to and used by Clinger upon the lands mortgaged; that after the mortgage was given this certificate was divided into two certificates, No. 42 for 260 inches, issued in the name of Clinger's wife, and No. 43, for 180 inches, issued in the name of J. W. Clinger. Stock certificate No. 85 for ninety shares was eliminated during the trial and is no longer in controversy.

On December 11, 1920, some twenty-two days after the recording of the mortgage, Clinger went to the secretary of the Labelle Irrigation Company and secured from him stock certificate No. 43, evidencing 180 inches of water in that company. It is this 180 inches of water, evidenced by certificate No. 43, that is in controversy here. Clinger took certificate No. 43 to the Rigby bank and pledged the same as collateral security for a pre-existing indebtedness. About two months later Clinger filed a petition in bankruptcy, and his trustee instituted proceedings before the referee in which it was sought to set aside the mortgage theretofore given by Clinger and his wife to the Farmers & Merchants' Bank, upon the theory that it created a preference under the bankruptcy act. The referee denied the petition of the trustee and the matter was appealed to the United States district court where the referee's holding was sustained. Thereafter the Farmers & Merchants' Bank duly assigned the note and mortgage to the Idaho Falls National Bank, respondent here.

On April 7, 1923, the United States district judge granted permission to respondent to foreclose its mortgage in the state court, whereupon this action was instituted.

John W. Clinger died. His heirs were made parties to the action, one of them being a minor for whom a guardian *ad litem* was appointed. The Labelle Irrigation Company, the Rigby bank and Josiah Call were also made parties, and answers were filed on their behalf, the Rigby Bank and Josiah Call answering jointly. The only other answer filed was that of the minor heir by her guardian *ad litem,* all the other named defendants defaulting. The Rigby bank and Josiah Call, in their answer, after denying various allegations of respondent's complaint, pleaded affirmatively that Josiah Call was the owner of stock certificate No. 43 of the Labelle Irrigation Company, evidencing 180 inches of water in that company, and asserted that their right in said water certificate and the water evidenced thereby was superior to the rights of respondent. It appears that the Rigby Bank had disposed of the certificate in question to Call.

The cause was tried to the court and judgment was entered in favor of respondent, foreclosing the mortgage and also decreeing the sale of the 180 inches of water represented by certificate No. 43, from which judgment this appeal is taken. The sole question on appeal involves the ownership of the water right represented by certificate No. 43. Appellants rely upon three assignments of error,— first, that the court erred in its order of December 27, 1923, in refusing to permit appellants to introduce, substantially, the following evidence:

That in an action pending before the referee in the matter of the bankruptcy of J. W. Clinger, respondent's predecessor in interest offered proof and argued to the referee to the effect that the Rigby bank had taken as security for its obligations from Clinger the water stock certificate in question, which operated as a preference in favor of said bank; that such claim was made under a plea to the effect that it was inequitable to set aside the

mortgage sought to be foreclosed at the instance of the trustee in bankruptcy who was acting for and on behalf of the only creditor who had filed a claim in the Clinger estate, to wit, the Rigby bank; that such claim was also urged before the United States district judge, the decision thereon being to the effect that the mortgage of respondent's predecessor in interest should not be set aside, as the Rigby bank received the proceeds from the sale of the cattle under a chattel mortgage and would get the benefit from the water stock which it took over, and that therefore respondent's predecessor should not be deprived of the benefit which would accrue to it from the real• estate mortgage. It was further offered to be proved that the decision of the United States district judge in refusing to set aside the mortgage was based upon the representations of respondent's predecessor that appellant bank held the water stock in question and urged that as a reason for permitting the mortgage to stand; and, further, that such stock was the only water stock which appellant bank ever held as collateral from Clinger. The offer concluded that it was made upon the ground that respondent had admitted appellants' ownership in the particular stock.

In appellants' brief it is stated that the proof was offered, not under any plea of estoppel, for the answer contains no such plea, but as an admission on the part of respondent itself that the description in its mortgage did not cover the water shares represented by certificate No. 43. If we understand appellants' position, the tender of proof was made to show an admission against interest of respondent's predecessor, and that by reason of such admission and conduct such evidence was admissible and should have been received under the general denial; while respondent contends that the offer of proof was wholly immaterial, but if admissible upon any theory it would be upon the ground of estoppel, and, since there was no plea of estoppel, it was not admissible.

[1, 2] While the question may be considered a close one, it would seem that the trial court was in error in holding

that this offer of proof was wholly immaterial and inadmissible. The general rule would seem to be that admissions, such as here contended for, made by a party opponent, pertinent to the question involved, are deemed admissible when offered against him. (2 Wigmore on Evidence, 2d ed., p. 520.) Such evidence in and of itself may not be sufficient, if admitted, to defeat respondent's lien under its mortgage, but it was admissible as an admission tending to prove whether or not the 180 inches of water represented by certificate No. 43 was the identical water covered by respondent's mortgage, and whether or not respondent disclaimed a mortgage lien in and to such water so represented by certificate No. 43. If it be true, and since the evidence is not here and therefore we are not called upon to determine the effect of its admission, that respondent admitted, in substance, before the referee in bankruptcy and in the federal court, in order to have its mortgage upheld and not held to be a preference, that appellants had good title to the water represented by certificate No. 43, and, it appearing further that at the time the mortgage in question was given Clinger held certificate No. 13 representing 440 inches of water which, after its division, left standing in Clinger's name 180 inches and in the name of his wife 260 inches, it became important to determine whether the 180 inches standing in the name of Clinger was the identical 180 inches covered by the mortgage, or if the 180 inches was a part of the 260 inches standing in the name of his wife. This is particularly true in view of the fact that there is evidence to show that 180 inches of water was delivered to Clinger and used upon the land under certificate No. 13. We think it was competent for appellants to show that respondent had offered evidence or admitted the facts to be, in a court of competent jurisdiction or otherwise, or by its conduct admitted, substantially, that the water stock held by the appellants was not the water stock covered by respondent's mortgage, and that such evidence was admissible under the general issue as bearing upon the question whether or

not respondent's mortgage covered the water represented by certificate No. 43. (2 Wigmore on Evidence, 2d ed., sec. 1057, p. 516; *Hall v. The Bark "Emily Banning,"* 33 Cal. 522; *Ryerson v. Abington,* 102 Mass. 526; 30 Yale Law Journal, No. 4, 1921, p. 355 et seq.

Assignment of error numbered 2 involves the same question as is covered by assignment of error 1, considered above.

[3] The third assignment of error involves the action of the court in refusing to permit appellants on cross-examination to establish the duty of water or the amount of water actually necessary to be applied upon the land described in the mortgage. We are unable to see the materiality of such evidence, this being an action to foreclose a mortgage and not to determine the duty of water.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views expressed herein. Costs awarded to appellants.

William A. Lee, C. J., and Wm. E. Lee, Givens and Taylor, JJ., concur.