[Civil No. 2488.   Filed September 16, 1926.]

[249 Pac. 67.]

## THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, Appellant, v. M. F. GUTIERREZ, Appellee.

1. MASTER AND SERVANT.—Evidence that injury was due to condition of employment and arising out of it *held* sufficient to authorize recovery, under Employers' Liability Law.

2. APPEAL AND ERROR.—Where evidence is in conflict on material issues, verdict will not be disturbed.

3. DAMAGES.—One thousand two hundred dollars for injuries affecting laborer's eye and his general health, so as to unfit him for working about machinery, *held* not excessive, as matter of law.

4. EVIDENCE—TESTIMONY IN PERSONAL INJURY ACTION THAT INJURED EMPLOYEE HAD A FAMILY IN EXPLANATION AND CONTRADICTION OF STATEMENTS SIGNED BY HIM HELD ADMISSIBLE.—In personal injury action where defendant introduced plaintiff's written statements contradicting his theory of accident, testimony that he signed statements to get his job back because he had a family *held* proper in explanation of such statements.

5. NEGLIGENCE—IN PERSONAL INJURY ACTION WHERE PLAINTIFF TESTIFIED AS TO EXERCISE OF DUE CARE, INSTRUCTION ON PRESUMPTION THAT INJURED PARTY WAS IN EXERCISE OF DUE CARE UNTIL CONTRARY APPEARED HELD ERROR.—In personal injury action where plaintiff was living and able to testify as to exercise of due care, instruction that law presumes that injured party exercised due care until contrary appeared, which was founded on law of nature, *held* error.

6. APPEAL AND ERROR.—Where undisputed evidence showed plaintiff was in exercise of due care, instruction that law presumed injured party exercised due care until contrary appeared *held* not prejudicial error.

7. TRIAL.—Whether instruction is on fact question is tested first by whether it assumes fact in issue or conveys to jury court's opinion of testimony or witnesses.

8. TRIAL.—Instruction stating definition of epilepsy taken from medical dictionary *held* not error, where jury understood court adopted it as its own.

9. DAMAGES.—Where it was reasonable inference that injury to plaintiff's eye caused pain and suffering, instruction as to right to award reasonable sum therefor *held* proper.

10. DAMAGES. — Instruction authorizing compensatory damages for medical expenses without any evidence of such expenses is error.

---

2. See 2 Cal. Jur. 921; 2 R. C. L. 194.

3. What is excessive verdict for personal injuries not resulting in death, see notes in 16 Ann. Cas. 8; Ann. Cas. 1913A 1361; Ann. Cas. 1915D 488; Ann. Cas. 1916C 916; L. R. A. 1915F 30; 46 A. L. R. 1230. See, also, 8 R. C. L. 675; 8 Cal. Jur. 838.

7. See 24 Cal. Jur. 841.

10. Instruction as to allowance for medical services in absence of evidence thereof as error, see note in Ann. Cas. 1913D 150. See, also, 8 R. C. L. 663. Allowance for physician's services in action for personal injuries without evidence of the value thereof, see note in 19 L. R. A. (N. S.) 920.

11. TRIAL.—Error in instruction authorizing damages for medical expenses without evidence to warrant it, *held* not cured by instruction that damages must be based on evidence.

12. APPEAL AND ERROR.—Where faulty instruction affected measure of damages only, cause under Civil Code of 1913, paragraph 597, will be remanded for new trial on amount of damages only.

See (1, 2) 4 C. J., p. 858, n. 3; 39 C. J., p. 1049, n. 15. (3) 17 C. J., p. 1116, n. 10. (4) 17 C. J., p. 1037, n. 65. (5) 39 C. J., p. 985, n. 85, p. 1224, n. 9; 29 Cyc., p. 596, n. 29, 30. (6) 4 C. J., p. 1033, n. 37. (7, 8) 38 Cyc., p. 1647, n. 22, p. 1657, n. 47, p. 1689, n. 21 New. (9, 10) 17 C. J., p. 826, n. 25, p. 1075, n. 99, p. 1079, n. 46. (11) 17 C. J., p. 1073, n. 84. (12) 4 C. J., p. 1195, n. 90.

APPEAL from a judgment of the Superior Court of the County of Navajo. J. E. Crosby, Judge. Judgment reversed and cause remanded, with directions.

Mr. Fred W. Nelson and Messrs. Chalmers, Stahl, Fennemore & Longan (Mr. E. T. Lucey, of Counsel), for Appellant.

Mr. Gilbert E. Greer and Mr. Thomas R. Greer, for Appellee.

LOCKWOOD, J.—M. F. Gutierrez, hereinafter called plaintiff, brought suit against the Atchison, Topeka & Santa Fe Railway Company, a corporation, hereinafter called defendant, for damages for personal injuries. The complaint set up two causes of action. On the first one an instructed verdict in favor of defendant was returned, and, since no appeal has been taken by plaintiff, we need not consider it.

In his allegations regarding the second cause of action, plaintiff sets up in part as follows:

11. Right of appellate court, upon granting new trial, to limit issues to be tried by jury, see notes in 7 Ann. Cas. 116; Ann. Cas. 1912D, 593; Ann. Cas. 1917E 888; L. R. A. 1915E 239. See, also, 2 Cal. Jur. 994; 2 R. C. L. 287.

"That on the 7th day of May A. D. 1924, the plaintiff herein was employed by the defendant at its ice plant in the town of Winslow, county of Navajo, state of Arizona, which said ice plant is operated by mechanical power, to wit, steam and electricity, and which it operates as an incident to its business as a common carrier within the said state of Arizona; that, while so employed by the defendant herein, while stacking ice in its winter storage bins in which there was no free circulation of air, plaintiff slipped and fell in said storage bin, and in so slipping and falling struck against the corner of a block of ice, thereby cutting a gash over and under the right eye and permanently injuring the sight of such eye, and bruised and injured plaintiff about the head, and disabled him thereby; and that such injury was accidental and was due to a condition or conditions of such employment and occupation and without any negligence on the part of the plaintiff herein, in the performance of the duty required of and by him in such employment."

He asked damages as a result of the aforesaid accident in the sum of $750, the alleged value of his services for the time he was incapacitated thereby and the further sum of $750 by reason of his eyesight being more or less permanently injured.

Defendant answered denying generally the allegations of the second cause of action, and, as a special defense, set up that if plaintiff were injured at the time and place mentioned the injury was caused by an epileptic fit or seizure from which he was suffering. The case was tried to a jury which returned a verdict in favor of the plaintiff in the sum of $1,200, on which verdict judgment was duly entered. A motion for new trial was duly made and overruled, and from said judgment and order overruling the motion, defendant has appealed.

There are some eleven assignments of error, the first five of which relate to the admission and rejection of evidence; the next three to the giving of in-

structions to the jury; and the last three to the general insufficiency of the evidence to support the verdict and alleged excessive damages.   We will consider these in the order which seems advisable.

In order to determine the question of whether or not the evidence will support the verdict and judgment we have not contented ourselves with an examination of the abstract of record, but have carefully read the entire reporter's transcript of the testimony given at the trial.   We do not think it necessary to quote or even summarize the evidence but are of the opinion that offered on behalf of the plaintiff, if believed by the jury, is sufficient to support the theory that plaintiff's eye was more or less permanently injured as the result of a fall which he received due to a condition or conditions of his employment and arising out of it.   This, of course, is sufficient for him to recover under the Employers' Liability Law (Civ. Code 1913, pars. 3153-3162).   It is true that the testimony offered on behalf of defendant, if believed by the jury, would lead to the conclusion that the injury was the result of an epileptic fit suffered by plaintiff, but as we have repeatedly stated, where the evidence is in conflict on the material issues of a case this court will not disturb the verdict. *City of Bisbee* v. *Thomas,* 24 Ariz. 614, 212 Pac. 190; *Durazo* v. *Ayers,* 21 Ariz. 373, 188 Pac. 868; *Cunningham* v. *Costello,* 19 Ariz. 512, 172 Pac. 664.

Nor do we think we should disturb the verdict because of the amount of the damages.   If, as plaintiff testified, his right eye was so affected by the fall that he could not keep it open while working in the sunlight, and could not see well with it at all, and if his general health as a result of the accident was so weakened that defendant itself claimed he was not fit for working about any kind of machinery, we cannot say the verdict was as a matter of law excessive.

We next discuss the assignments of error in regard to the admission and rejection of evidence. The questions and answers objected to under assignment No. 1 were properly admitted as going to plaintiff's fitness for work after the accident. We do not think they can reasonably bear the construction urged by defendant that they implied the latter was under the obligation of employing plaintiff after his accident. So with the questions and answers under assignment No. 2. They go to the question of the earning power of the plaintiff after the accident and to the length of time he was unemployed as a result thereof. The objections to the questions asked the witness Acosta and referred to under assignment No. 3 are based upon the theory that his answer impeached the testimony of plaintiff in regard to his physical condition. We do not think that an examination of the whole testimony of plaintiff, as it appears in the reporter's transcript, will bear out this theory. The testimony complained of under assignment No. 4 is governed by the same rule as that complained of under assignment No. 2.

Under assignment No. 5, defendant complains plaintiff was allowed to show to the jury that he had a family. It is true that many courts have held that in personal injury cases it is not permissible for plaintiff to show he had a dependent family, and some have gone so far as to reverse judgment in favor of plaintiff on account of the admission of such testimony. We think, however, the situation here is somewhat different from the ordinary. Defendant had introduced in evidence certain written statements signed by plaintiff, which apparently contradicted his theory of the cause of the accident. Plaintiff in accounting for his signing of what he claimed at the trial to be untrue statements said:

"Q. When you made those reports were you requested to make them?

"A. In order to get my job back I had to do it. I had a family and I couldn't afford to be out of work. And I desired the job; certainly, I applied for it and tried to hold it.

"Q. Why did you do that?

"A. Because I had to work. I had a family to look after."

We think the question and the answer under the circumstances of the case were properly admitted. *Arizona Cotton Oil Co.* v. *Thompson, ante,* p. 204, 245 Pac. 673.

The seventh assignment of error presents a more important question. The court gave the following instructions:

"You are instructed that, in order for the plaintiff to recover, he must not have been guilty of negligence, and in this case there is evidence offered by the plaintiff to prove that he was acting with due care, controverted by the defendant, and which tends to show the negligence of the plaintiff. You are therefore to determine whether or not the plaintiff was negligent or exercising due care, and in determining this fact you are the sole judge of the facts before you, and whether or not the plaintiff acted as an ordinary person with due care. The law presumes that the injured party was in the exercise of due care until the contrary is made to appear. This presumption is founded on the law of nature, and has for its motives the fear of pain, maiming, and death."

Defendant complained of the last two sentences of the instructions. Briefly stated, his position is that the rule of law contained therein applies only to cases where the injured party's mouth is sealed by death and there are no witnesses who can testify as to whether or not he was in the exercise of due care. We think this is a correct statement of the law. We have discussed this doctrine in the cases of *Calumet & Ariz. Min. Co.* v. *Winters,* 25 Ariz. 483, 219 Pac.

585, *Crozier* v. *Noriega,* 27 Ariz. 409, 233 Pac. 1104, and *Davis* v. *Boggs,* 22 Ariz. 497, 199 Pac. 116.

All of these were cases where the injured party was dead, and the reasoning and the language employed by the court in each one of them clearly shows that the rule only applies when no evidence on the question of decedent's negligence is obtainable. As we stated in *Calumet & Arizona Mining Co.* v. *Winters, supra:*

"When such is the case, the courts do not halt the proceeding and send the employee away empty handed, but resort to a rule of universal human experience and observation, and that is that when a person is found dead and the cause or means of death is not discoverable or ascertainable, the presumption will be indulged that the death was natural or accidental, and not suicidal."

The doctrine laid down in the instruction complained of is therefore inapplicable to cases like this, where the plaintiff was living and able to testify in regard to whether or not he exercised due care. Was the error, however, prejudicial? Plaintiff testified very fully as to how the accident happened and his evidence, if true, shows he was in the exercise of due care. Defendant neither pleaded plaintiff was negligent, nor did it offer a scintilla of evidence even suggesting it. Its sole defense was that the accident was not caused by "a condition or conditions of the employment" but by a condition of plaintiff, to wit, an epileptic fit. Epilepsy as the cause of the accident is, of course, a good defense, but as pleaded it certainly is not negligence. Since the only evidence in the case on the point showed plaintiff was in the exercise of due care, the jury could not have been prejudiced by the erroneous instruction.

In assignment No. 8 defendant complains that the instruction given by the court as to what constitutes epilepsy was incorrect, and that further, it was an

instruction upon a question of fact. So far as the last point is concerned, it is not well taken. On such an assignment the instruction is tested by two standards: First, does it assume any fact in issue? Second, does it undertake to convey to the jury the court's opinion of the testimony or the witnesses? In this case it did neither. Since the affirmative defense in the case was that the accident was caused by an epileptic fit of the plaintiff, it was proper that the court should define the term "epilepsy." This is not seriously contradicted by defendant, but it claims, first, that the court, in stating the definition was taken from a medical dictionary written by Dr. Dunglison, was calling the doctor from his grave to testify, and, second, that other medical dictionaries did not in all respects agree with the definition given by the court. While it would probably have been better for the court to have omitted stating to the jury from what medical work the definition was taken, yet the jury must have understood the court had adopted the definition as its own and on examining it and those of the medical witnesses, we do not think there was prejudicial error in giving it.

We have reserved the sixth assignment of error for the last, since it presents the most serious question in the case. The instruction complained of reads as follows:

"The court instructs the jury that, if you find that the plaintiff is entitled to recover, the measure of his recovery is what is denominated compensatory damages; that is, such sum as will compensate him for the injury he has sustained. The elements entering into his damage are as follows: (1) Such sum as he has incurred as expenses in caring for and nursing him during the period he was disabled by the injury, not exceeding the amount alleged in the complaint. (2) The value of his time during which he was disabled by the injury, either wholly or partially, and the extent thereof. (3) If the injury has impaired

the plaintiff's power to earn money in the future, such sum as will compensate him for the loss of such power. (4) Such reasonable sum as the jury may award for the pain suffered or to be necessarily suffered from the injury. The first two of these are capable of direct proof, and are to be determined by the jury on the evidence they have before them. The third and fourth are necessarily left to the sound discretion of the jury, not exceeding the amount claimed by the plaintiff.''

This is objected to for two reasons; first, that there is no evidence plaintiff expended any sum whatever for expenses in caring for himself during the period he was disabled; and, second, he did not testify that he suffered any pain or that he had suffered any as a result of the injury. The second objection is not well taken. It is a reasonable inference that cuts of a nature described by plaintiff which required several stitches and confined him to his home some fifteen days will cause some pain and suffering, and there need be no direct evidence on that point. *Harp* v. *Kerlin,* 19 Ga. App. 794, 92 S. E. 286; *Stewart* v. *Watson,* 133 Mo. App. 44, 112 S. W. 762.

We have examined the transcript of evidence carefully and are unable to find therein any testimony whatever on behalf of plaintiff that he had either expended any sums for medical and nursing fees or had obligated himself to make any such payments. Not only is there no evidence of this fact, but the natural inference from what testimony there is in the record is that any expenses were paid rather by defendant. This court has held in the case of *Consolidated Arizona Smelting Co.* v. *Egich,* 22 Ariz. 543, 199 Pac. 132, discussing a similar instruction:

''It is not possible for anyone to say what amount the jury may have allowed the plaintiff for past and future medical and surgical aid. They were told, however, that they might consider these as elements in making up the plaintiff's damages, and, since there

was no evidence that the plaintiff had expended or contracted to expend anything, or that there was a probability that he would in the future have to do so on that account, whatever was included in the verdict for medical treatment must of necessity have been arrived at by mere guess.''

And the case was reversed on that point.

Nor can plaintiff claim the instruction was cured because the jury was further instructed such damages must be based on evidence. In the Egich case, as in the one at bar, the court confined the damages to such ''as the evidence may show,'' but it was held not to cure the error.

Since, however, the faulty instruction could only affect the measure of damages and not the general verdict, under the provisions of paragraph 597, Civil Code, Revised Statutes of Arizona of 1913, the judgment is reversed and the cause remanded for a new trial on the amount of damages only.

McALISTER, C. J., and ROSS, J., concur.