225 P.2d 457

**KOCH v. ELKINS et al.**

**DESMOND et al. v. ELKINS et al.**

Nos. 7637, 7638.

Supreme Court of Idaho.

Dec. 15, 1950.

McFarland & McFarland, Coeur d'Alene, H. Earl Davis, Spokane, Wash., for appellant.

Whitla & Knudson, Coeur d'Alene, for respondent.

TAYLOR, Justice.

In these consolidated actions the plaintiffs (respondents) recovered judgments against the defendants (appellants) for personal injuries and property damage resulting from an automobile accident. Prior to the accident the defendant Elkins was acting as a real estate agent for the defendant the Big West Realty, Inc., of Spokane, Washington, on a commission basis. The plaintiff Freda B. Desmond, being the owner of an interest in hotel property in Mullan, Idaho, at Elkin's request examined hotel property in Spokane and entered into negotiations for a trade. On March 1, 1948, the parties having agreed to deal, Elkins took the owners (Mr. and Mrs. Taylor) of the Spokane property to Wallace, Idaho, in his car. There certain documents were drawn and signed by the parties, purporting to complete the exchange. Elkins then drove the Taylors to Mullan, where they took possession of the property there. Some personal effects of Mrs. Desmond were loaded into the Elkins car and she and plaintiff David Edward Koch (her adopted grandson, 7 years of age) entered the Elkins car for the purpose of going to Spokane and into possession of the property there. Elkins drove the car and was accompanied in the front seat by another real estate agent, one Gilpin. They left Mullan about 8:30 P.M. It was dark, snowing, and the road was slippery. At a point about twenty miles east of Coeur d'Alene, Idaho, the car left the road, knocked over a couple of of guard posts, and turned over, down a steep bank, and came to rest right side up in a creek. All were thrown out of the car except Mrs. Desmond. Gilpin was carried down stream about twenty feet. David Koch was washed up on a bar down stream and on the other side of the creek. The water was cold and added to the shock of those who were dumped into it. Mrs. Desmond and her husband brought an action for injuries to her person and for loss and damage to her personal property which was in the car. The other action was brought by the infant Koch for injuries to his person.

Some of the assignments of error are not urged by appellants in their brief

and need not be noted here. Davenport v. Burke, 27 Idaho 464, 149 P. 511.

Upon his arrival in Coeur d'Alene, shortly after the accident, the defendant Elkins was taken before a justice of the peace and charged with reckless driving. To this charge he entered a plea of guilty and was fined $25. The plaintiffs offered in evidence the justice court docket and files containing the criminal complaint. The court admitted the exhibits over the defendants' objection that the records and files do not contain a warrant of arrest or show that one had been issued. In their brief defendants complain of the admission of these exhibits on the ground that the criminal charge was based upon the statements of two state highway employees, made to the officer who filed the complaint, that defendant Elkins was driving in a reckless manner when he passed their truck (which they had been using in sanding the highway) immediately before and about three-quarters of a mile from where the car left the road. One of these men testified that the Elkins car missed the truck by about three or four inches. This assignment is without merit. The objection now urged was not made in the trial court, and cannot now be urged here. Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686. The so-called basis of the criminal charge is taken from an offer of proof made by plaintiffs' counsel when the officer was on the stand. Defendants' objection to this offer was sustained on the ground that the justice court records are the best evidence. The effect of these records cannot be limited by a mere offer of proof, which was rejected. It appears from the exhibits and the testimony that the criminal charge is based upon the manner of driving which occasioned the accident.

Even if it be assumed that the guilty plea constituted an admission by the defendant as to the manner of his driving only at the time he passed the truck, and not at the time the car left the highway, it would still be admissible. Elkins, himself, testified that he was traveling about 25 miles per hour just before the accident. At that rate he would travel the three-fourths mile in less than two minutes. This would not be too remote to have some weight as an admission as to the manner of driving at the time of the accident.

A plea of guilty to a criminal charge, which alleges facts that are in issue in a civil action, is admissible against the party entering the plea, as an admission against interest. Langensand v. Obert, 129 Cal.App. 214, 18 P.2d 725; Olson v. Meacham, 129 Cal.App. 670, 19 P.2d 527; Idaho Falls National Bank v. Bennett, 42 Idaho 705, 247 P. 794; Notes 31 A.L.R. 278, 57 A.L.R. 506, 80 A.L.R. 1147, 130 A.L.R. 699; 31 C.J.S., Evidence, § 300 b, p. 1070.

The giving of the following instruction is assigned as error, to-wit: "You are instructed that, until the contrary is proven, there is a presumption that the plaintiff, Freda B. Desmond, was exercising due and proper care for the protection of her person

and the preservation of her life, at the time of the accident; this presumption arises from the instinct of self-preservation and the disposition of a person to avoid personal harm. This presumption is not conclusive but is a matter to be considered by the jury in connection with all the other facts and circumstances in the case in determining whether or not the plaintiff, Mrs. Desmond, was guilty of contributory negligence at the time of the accident."

Such an instruction is not commended in cases where, as here, the injured party is living and able to testify, and the facts were fully developed by the evidence. Atchison T. & S. F. Ry. Co. v. Gutierrez, 30 Ariz. 491, 249 P. 66; Speck v. Sarver, 20 Cal.2d 585, 128 P.2d 16; Cole v. Ridings, 95 Cal.App.2d 136, 212 P.2d 597.

The general rule in some jurisdictions is that where the injured party is killed, or so incapacitated that he cannot testify, and there are no eye-witnesses to the accident, the plaintiff may rely upon the presumption that the injured person was exercising due care for his own safety. Conversely, where it is feasible to present the facts to the jury, the question of contributory negligence should be determined by the evidence, not by presumption. Breker v. Rosema, 301 Mich. 685, 4 N.W.2d 57, 141 A.L.R. 867 and anno. 872; Morris v. Chicago M., St. P. & P. R. Co., 1 Wash.2d 587, 97 P.2d 119; Sweazey v. Valley Transport, Inc., 6 Wash.2d 324, 107 P.2d 567, 111 P.2d 1010, 140 A.L.R. 1; Vance v. Grohe, 223 Iowa 1109, 274 N.W.

902, 116 A.L.R. 332; 38 Am.Jur., Neg., sec. 293 and sup.; 65 C.J.S., Negligence § 282.

Some jurisdictions permit a resort to the presumption in cases where conflicting evidence, or the evidence opposed to the presumption, leaves the issue of contributory negligence in doubt. 144 A.L.R. Anno. 1477; Karp v. Herder, 181 Wash. 583, 44 P.2d 808; Duehren v. Stewart, 39 Cal.App.2d 201, 102 P.2d 784. This rule was applied by this court in Webb v. Gem State Oil Co., 56 Idaho 465, 55 P.2d 1302; Geist v. Moore, 58 Idaho 149, 70 P.2d 403; Dept. of Finance v. Union Pac. R. R. Co., 61 Idaho 484, 104 P.2d 1110; and in Brown v. Graham, 62 Idaho 388, 112 P.2d 485; Madron v. McCoy, 63 Idaho 703, 126 P.2d 566; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651. See also, Packard v. O'Neil, 45 Idaho 427, 262 P. 881, 56 A.L.R. 317. These were all death cases, except Webb v. Gem State Oil Co., where the claimant was insane at time of hearing, and Dept. of Finance v. Union Pac. R. R. Co., where the injured party suffered a lapse of memory. It must be conceded that in such cases the reason for calling attention to the presumption is much more compelling than where the injured party is able to appear and testify. However, the same reasoning has been used in other situations. Engstrom v. Auburn Auto Sales Corp., 11 Cal.2d 64, 77 P.2d 1059; Barker v. City of Los Angeles, 57 Cal.App.2d 742, 135 P.2d 573; Worth v. Worth, 48 Wyo. 441, 49 P.2d 649, 103 A.L.R. 107; Beck v. Sirota, 42 Cal.App.2d 551, 109 P.2d 419.

56

A fundamental proposition of law is that wrong-doing is never presumed, but must be established by proof. The court properly instructed the jury that the burden is upon the plaintiffs to prove all of the material allegations of their complaints by a preponderance of the evidence. It likewise properly instructed the jury that the burden is on the Big West Realty, Inc., to prove its allegations of contributory negligence. Sec. 5-816 I. C. It has been said that the rule as to burden of proof casts a greater burden upon the party charging negligence than does the presumption of due care on the part of his opponent. Speck v. Sarver, 120 Cal.2d 585, 128 P.2d 16. If not greater the burden is at least equivalent to that imposed by the presumption. When the evidence or lack of evidence leaves the issue of negligence or contributory negligence in doubt or in equipoise, the law requires a decision against the party having the burden of proof, just as under like circumstances it requires a decision against him when he is confronted with a presumption of due care in favor of his opponent. So, under our statute making contributory negligence a matter of defense and casting the burden of proof upon the defendant, there is no necessity for reemphasizing the point by instructing as to the presumption, at least in any case where the plaintiff is alive and capable of presenting his side of the case to the jury. Speck v. Sarver, 120 Cal.2d 585, 128 P.2d 16; MacDonald v. Ogan, 61 Idaho 553, 104 P.2d 1106. The

law seeks to place the parties on an equal footing at the trial. Here both the driver of the car, defendant Elkins, charged with negligence by the plaintiffs, and the plaintiff Desmond, charged with negligence by the defendant the Big West Realty, Inc., were competent to testify and did testify fully. It was, therefore, unnecessary to instruct as to the presumption of due care in favor of either. But, if given as to one, it should be given as to both. Roselle v. Beach, 51 Cal.App.2d 579, 125 P.2d 77.

However, we do not think the instruction here given resulted in prejudice to the defendant, The Big West Realty, Inc. Martindale v. Atchison T. & S. F. Ry. Co., 89 Cal.App.2d 400, 201 P.2d 48; Speck v. Sarver, supra; Tyson v. Burton, 110 Cal.App. 428, 294 P. 750; Cole v. Ridings, 95 Cal.App.2d 136, 212 P.2d 597; Clark v. Los Angeles & S. L. R. Co., 73 Utah 486, 275 P. 582; Atchison T. & S. F. Ry. Co. v. Gutierrez, 30 Ariz. 491, 249 P. 66. The defendant Elkins did not plead contributory negligence and therefore could not be prejudiced. There is very little in the evidence that would support a conclusion against the plaintiffs on the question of contributory negligence. Elkins testified that before leaving Mullan he had a couple of drinks of whisky in company with Mrs. Desmond and Gilpin. "I bought and I believe she bought. I believe Gilpin bought a round of drinks too." He also testified that Mrs. Desmond and Gilpin each had a couple of drinks at Wallace where they stopped after leaving Mullan,

and that he did not drink at that time. Gilpin supported Elkins in this testimony. Mrs. Desmond denied that she drank any intoxicants or bought any intoxicants, either at Mullan or Wallace, and testified that she did not smell intoxicating liquor about the person of the driver until they had stopped at a service station sometime after leaving Wallace, where Elkins and Gilpin left the car to go to a rest room. She further testified that Elkins was driving too fast and crowding cars traveling in the opposite direction; that she protested against such driving; asked to be let out of the car and asked that she be permitted to drive the car; and that her protests were ignored and her requests refused. Elkins and Gilpin deny that Mrs. Desmond had protested or requested to leave the car or to drive the car. There is also a conflict in the testimony as to the car going out of control and spinning around on the highway prior to the time of the accident. There is nothing in the relationship between Elkins, the driver, and Mrs. Desmond, which would give her any control or right of control over the actual operation of the car.

 Appellant, the Big West Realty, Inc., contends that the evidence of the agency of the defendant Elkins is insufficient to bind it. We think the evidence in that respect is sufficient. The president of the company testified that the contractual proposals submitted by the agents were subject to the approval of the company,

and that he participated in the final closing of the transaction between the Desmonds and Taylors. The fact that the agent Elkins was paid by commission, and that no income or social security tax was withheld by the employer, would not change the result. The important factor is the control or right of control reserved by the employer over the functions and duties of the agent. And of particular significance in this case, the preliminary contract entered into by Mrs. Desmond on February 23, for the purchase of the Spokane property, was made between her and the Big West Realty, Inc., and not with the agent Elkins. The jury was warranted in finding that Elkins was acting as an agent of the realty company. Joslin v. Idaho Times Publishing Co., 56 Idaho 242, 53 P.2d 323; 56 C.J.S., Master and Servant, §§ 2 and 3.

 As to the scope of the agency, the evidence is that it was the practice of defendant realty company's agents to take prospective buyers to and from properties which it was engaged to sell. The agent Elkins took the Taylors to Wallace, there to close the deal with Mrs. Desmond, and took them on to Mullan to receive possession of the Mullan property. Whether or not it was necessary to transport Mrs. Desmond to Spokane and place her in possession of the property which she was purchasing, on the same day, or at all, it appears to be a part of a continuing transaction and a means of furthering the busi-

ness of the agent and his principal. The record also reveals that the contract executed at Wallace was defective and a new contract was later drawn and executed by the plaintiff and her husband at Spokane. From this it appears that the relationship between these parties continued and was not terminated by the agreement entered into at Wallace. The defendant realty company insists that this relationship does not, in any event, apply to the infant plaintiff Koch. We see no fundamental distinction between the status of the child and Mrs. Desmond in that respect. The child, being an infant of 7 years, having been adopted by Mrs. Desmond and in her custody and control, it was just as essential to the promotion of the business of the agent and his principal to take him along with Mrs. Desmond to Spokane as it was to take her personal effects, which were loaded into the car at Mullan. The conclusion is warranted that, in undertaking to bring the plaintiffs to Spokane, Elkins was acting within the scope of his agency, and that plaintiffs were "invitees" or "passengers" and not merely "guests." Moreover, agency, scope of authority, invitee or "passenger" and "guest" were defined by the court, and the questions here raised were submitted to the jury with appropriate instructions. The verdict being supported by the evidence is conclusive.

Appellant's final assignment charges that the verdicts are excessive. The verdict in favor of Mrs. Desmond was $8,227.48. She testified that her damages for loss and injury to her personal property was $1,552, and that her medical expenses amounted to $367.51. In her complaint, as special damages, she prayed for $1,500 for loss and damage to personal property, and $307.86 for medical expense. Limiting recovery to the amount prayed for special damages, the amount of the verdict remaining for personal injuries would be $6,419.72. It reasonably appears from the evidence that Mrs. Desmond (a woman of the age of 57 years) was extensively and severely bruised about the arms, hips and legs; that she suffered a light brain concussion; that her spine was injured, the extent or seriousness of which does not appear; that her right foot and ankle were severely sprained; that her sight and hearing were somewhat impaired; that she suffered shock and nervousness; that she was confined to her home during the month of March, and most of that time to her bed; and that she was at the time of the trial (which commenced November 10, 1949) unable to do her work.

The verdict in favor of plaintiff Koch was for $3,759.17. The special damages prayed for medical expense was $238. Mrs. Desmond's testimony would support $322.28 for this expense. Accepting the amount prayed, the recovery for personal injury would be $3,521.17. (The medical expense for the infant should have been sought by Mrs. Desmond in her own complaint. However, no objection to the plead-

ing in this connection was made in the trial court, and that question is not raised here.) From the testimony as to the injuries sustained by the boy, it appears that he suffered severe shock; that he was kept in a hospital under observation for several days; that he was unable to continue in school because of nervousness; that he began stuttering, a condition which one doctor said was wholly congenital. The other doctor called, testified that this stuttering began after the accident and that the boy had developed "some unusual chorea-like motions. That is a type of St. Vitus Dance. How much that had to do with his experience in his accident, I don't know."; that he was at the time of the trial still suffering from nervousness; that in keeping with the doctor's directions he was not permitted to go to shows or listen to radio programs that are exciting, and that he was continuing to take a prescribed medicine for this condition. It appears that the boy was of a high-strung make-up prior to the accident, but since the doctors could not say to what extent his subsequent condition was attributable to the accident, the jury was required to use its best judgment in arriving at the verdict. While this verdict seems to be large, we cannot say that it is so excessive as to require a reversal or a new trial.

■ The amount of the damages to be allowed for personal injury is primarily for the jury to determine, and its verdict will not be disturbed except where abuse of its discretion clearly appears. Hepp v. Ader, 64 Idaho 240, 130 P.2d 859; Gardner v. Hobbs, 69 Idaho 288, 206 P.2d 539; Garrett v. Taylor, 69 Idaho 487, 210 P.2d 386; Checketts v. Bowman, 70 Idaho 463, 220 P.2d 682.

■ The contention that the verdicts are excessive was raised by the motions for new trial in these causes. In denying the motions for new trial, the trial judge held that the verdicts were not excessive. This ruling is also entitled to some weight here and will not be set aside in the absence of an abuse of discretion. Garrett v. Taylor, supra; Checketts v. Bowman, supra.

The judgments and orders appealed from are affirmed. Costs to respondents equally.

GIVENS, C. J., PORTER and KEETON, JJ., and SUTTON, District Judge, concur.