244 P.2d 146

**NEFF v. HYSEN et al.**

**No. 7845.**

Supreme Court of Idaho.

May 8, 1952.

Anderson & Anderson and John L. Long, Pocatello, for appellant.

Merrill & Merrill and Darwin D. Brown, Pocatello, for respondents.

PORTER, Justice.

This is an action in damages under the death statutes by appellant, as mother and sole heir at law of John Paul Sorgatz, for his alleged wrongful death in an automobile accident. The accident occurred December 7, 1950, at a point on the main highway about one mile south of the city limits. of Pocatello. Upon the trial of the cause the jury returned a verdict in favor of defendants and judgment was entered there—.

on. From such judgment appellant appeals to this court. Counsel for appellant in this appeal were not of counsel in the trial court.

On October 23, 1929, appellant was the wife of Paul J. Sorgatz, since deceased. She had recently given birth to a still-born child. On such date, her Doctor, one J. R. Young, now deceased, brought her a baby boy about three hours old, gave the child to her and said, "This is your baby." The Doctor told her that the mother had given him the baby boy to place in a good home so that he would have a good mother and father the rest of his life. Upon inquiry by appellant as to how she could make the baby hers, the Doctor said for her to leave that to him and he would fix it. He thereupon issued and registered a birth certificate giving the name of the child as John Paul Sorgatz, the name of the father as Paul J. Sorgatz and naming appellant as mother. A copy of this birth certificate was delivered to appellant. The names of the real mother and father of the child were not disclosed to appellant.

Thereafter, John Paul Sorgatz was raised and cared for by appellant and the relation between them at all times corresponded to that of mother and son. Appellant made some inquiry, according to her testimony, of two attorneys, one of whom was Mr. A. L. Merrill, relative to the adoption of John Paul Sorgatz and was advised that it was unnecessary and that the birth certificate was sufficient. No formal statutory adoption proceedings were ever had. The deceased joined the U. S. Navy about two and one-half years before the accident. At the time of his death he was twenty-one years of age.

At the time of the accident the deceased was home on leave from the Navy. On that day after lunch, he borrowed the 1947 Buick automobile belonging to the husband of appellant and, with Arthur Wilson, a boy friend, went for a ride. They drove around Pocatello and finally went to the Sacajawea Inn, situated roughly one and one-half miles south of the city limits of Pocatello and on the west side of the main highway. At the Inn they each drank one bottle of beer. About 3 o'clock p. m. they started to return to Pocatello. Deceased was driving and Arthur Wilson was in the seat on the right of the driver.

In the meantime, respondent Hysen had been called on an errand to Parker's Auto Service located about one mile south of Pocatello on the east side of the main highway. He was driving a Chevrolet automobile. When he approached the service station going south, he started to make a left-hand turn into the station. He testified he switched on his blinker lights for a left turn and turned his car to the left to approximately the yellow line in the center of the highway when he practically stopped his car and looked back to see if any car was attempting to pass; and that as he turned to look to the front his car was struck by the automobile driven by deceased.

The witness, Beryl D. Yelton, testified that immediately prior to the accident he was driving a pick-up truck in a northerly direction at a speed of approximately 60 miles per hour. That at a point about 300 feet from the place of the accident, the Buick car passed his truck going at a speed of approximately 75 miles per hour. That he saw the Chevrolet automobile parked in the highway and put on his brakes in order to give the Buick car more room in which to pass the truck and avoid hitting the parked Chevrolet as it looked as if it was going to be pretty close.

Apparently, the left front wheel of the Buick car struck near the left front wheel of the Chevrolet car. The Buick turned over several times and came to rest 226 feet from the point of impact. The evidence indicates that the left front wheel of the Chevrolet car, in its left turn, had passed some three or four feet over the yellow line in the center of the highway at the time it was struck. Prior to the impact, the driver did not put on the brakes, slacken the speed or swerve the Buick car. John Paul Sorgatz was fatally injured in the accident and died on December 9, 1950.

At the place of the accident the main highway is 24 feet wide with a yellow line down the center. In front of the Parker Auto Service there is an additional four feet of pavement along the east side of the highway and some twenty feet of gravel. At the time and place of the accident the highway was dry, level and straight and the weather was clear and the view unobstructed.

Appellant makes seven assignments of error. Appellant first urges the court erred in submitting the question of contributory negligence to the jury for the reason that there was no evidence to indicate that deceased was guilty of any contributory negligence whatever. Consideration of this case shows there was ample evidence from which the jury might conclude there was contributory negligence on the part of the deceased. Contributory negligence was made an issue by the answer. The question of contributory negligence was a question of fact which the court properly submitted to the jury. Valles v. Union Pac. R. Co., Idaho, 238 P.2d 1154; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Ford v. Connell, 69 Idaho 183, 204 P.2d 1019; Pittman v. Sather, 68 Idaho 29, 188 P.2d 600.

Appellant complains that "the court erred in refusing to give plaintiff's Requested Instruction No. 8 concerning the presumption that a man uses due care and is free from contributory negligence in the absence of evidence to the contrary." Instructions on the presumption of due care have been considered and discussed by this court in a number of cases. In the late case of Koch v. Elkins, 71 Idaho 50, at 55–56, 225 P.2d 457, at 460–461, we said:

"The general rule in some jurisdictions is that where the injured party

is killed, or so incapacitated that he cannot testify, and there are no eye-witnesses to the accident, the plaintiff may rely upon the presumption that the injured person was exercising due care for his own safety. Conversely, where it is feasible to present the facts to the jury, the question of contributory negligence should be determined by the evidence, not by presumption. * *

"Some jurisdictions permit a resort to the presumption in cases where conflicting evidence, or the evidence opposed to the presumption, leaves the issue of contributory negligence in doubt. * * * This rule was applied by this court in Webb v. Gem State Oil Co., 56 Idaho 465, 55 P.2d 1302; Geist v. Moore, 58 Idaho 149, 70 P.2d 403; Dept. of Finance v. Union Pac. R. R. Co., 61 Idaho 484, 104 P.2d 1110; and in Brown v. Graham, 62 Idaho 388, 112 P.2d 485; Madron v. McCoy, 63 Idaho 703, 126 P.2d 566; Hooton v. City of Burley, [70] Idaho [369], 219 P.2d 651. * * *

"* * * When the evidence or lack of evidence leaves the issue of negligence or contributory negligence in doubt or in equipoise, the law requires a decision against the party having the burden of proof, just as under like circumstances it requires a decision against him when he is confronted with a presumption of due care in favor of his opponent. So, under our statute making contributory negligence a matter of defense and casting the burden of proof upon the defendant, there is no necessity for reemphasizing the point by instructing as to the presumption, at least in any case where the plaintiff is alive and capable of presenting his side of the case to the jury."

In the instant case appellant produced the testimony of the witness, Arthur Wilson, who was riding in the Buick automobile at the time of the accident. In addition to the testimony of the witness Yelton, hereinbefore mentioned, respondent produced three disinterested witnesses who were in Parker's Auto Service station about 100 feet from the scene of the accident and who testified as to the facts and circumstances surrounding the accident. The actions of deceased immediately prior to and at the time of the accident and the facts and circumstances surrounding the accident appear to be fully covered by the testimony of disinterested witnesses. There is no substantial conflict in such testimony. Under these circumstances we conclude that the action of the trial court in refusing to give the requested instruction on the presumption of due care was not prejudicial error requiring the reversal of the judgment in this case. Packard v. O'Neil, 45 Idaho 427, 262 P. 881, 56 A.L.R. 317; Koch v. Elkins, supra.

Appellant complains that the court erred in permitting, over the objection of appellant, the witness, State Patrolman Contino on cross examination to tes-

tify as to a test of speed that he conducted. The witness was asked the following question:

"Q. All right. Let me reframe my question: Now then, for the defendant's car to have struck the Chevrolet car, pushed it back the distance you said it did push it back, caused the damage that appears on Exhibit 1, turned over several times, and went a distance of two hundred and twenty-six feet from the point of impact, it would have been necessary for the car to have been going at a very high rate of speed, wouldn't —?"

An objection to the question was made on the ground that it called for a conclusion of the witness and was improper cross examination. The court overruled the objection. The answer of the witness was not responsive to the question. He answered that we went down to the Sacajawea and "the Chevrolet I had at the time, which was a 1949 Chevrolet, starting the car and pushing it as fast as we could go, we could get a speed of seventy miles an hour out of it to that point." There was no objection to or motion to strike such testimony. Hence, no error was preserved for consideration by this court. Objections to evidence cannot be raised for the first time on appeal. Goody v. Maryland Casualty Co., 53 Idaho 523, 25 P.2d 1045; Darby v. Heagerty, 2 Idaho 282, 13 P. 85; State v. Davis, 57 Idaho 413, 65 P.2d 1385.

Appellant complains that "the court erred in permitting A. L. Merrill, attorney for defendant, who had been attorney for the plaintiff, to testify as a witness against the plaintiff and disclose confidential relations and still continue in the case as attorney, having theretofore cross examined the plaintiff and other witnesses and argued the case." Mr. Merrill was called as a witness for respondents and testified to the effect that he had never discussed the matter of the adoption of John Paul Sorgatz with appellant and denied the testimony of appellant in this respect. There was no objection made to this testimony; and on the contrary, appellant cross examined the witness concerning the matter. No objection was made to Mr. Merrill continuing as attorney in the case and no ruling of the court invoked. There is no basis for this assignment of error. Geist v. Moore, 58 Idaho 149, 70 P.2d 403.

Appellant further complains in effect that the court committed reversible error in permitting Mr. Merrill to appear in and conduct this case when "he had theretofore advised the plaintiff that formal adoption proceedings were unnecessary", and that his appearance was in violation of the relationship of attorney and client that had existed between him and appellant. No objection whatever appears in the record to the appearance of Mr. Merrill in this case. The court was not called upon by objection or motion to pass upon the matter. There is no alleged erroneous ruling by the

trial court in this respect before us for consideration. Fogelstrom v. Murphy, 70 Idaho 488, 222 P.2d 1080; Hall v. Boise Payette Lbr. Co., 63 Idaho 686, 125 P.2d 311.

Appellant urges the court committed reversible error in giving Instruction No. 15, which placed before the jury the question of whether or not there had been an adoption of John Paul Sorgatz by appellant. It is contended the facts were undisputed and the court should have decided the question as a matter of law. Such instruction reads as follows:

"You are instructed that before the plaintiff can recover in this case, you must find that the said John Paul Sorgatz, deceased, was an heir of the plaintiff, Carolyn Sorgatz Neff, formerly Carolyn Sorgatz, and that she is his heir.

"In this respect you are instructed that there is a principle of the law known as 'Equitable Adoption', and that before you can find that that doctrine of the law has application to this case to establish heirship of Carolyn Sorgatz Neff, you must find that there existed between the plaintiff and some other person acting on behalf of the child a parol obligation to adopt the child, accepted by a virtual though not a statutory adoption, and acted upon by all parties concerned for many years."

This instruction was plaintiff's Requested Instruction No. 2. Appellant cannot be heard to complain of an instruction given at her own request. American etc. Co. v. Regents etc., 11 Idaho 163, 81 P. 604; State v. Orr, 53 Idaho 452, 24 P.2d 679; State v. Taylor, 59 Idaho 724, 87 P.2d 454; State v. Johnston, 61 Idaho 87, 98 P.2d 628.

Appellant complains that the court erred in permitting witness Yelton to testify to what he thought immediately prior to the accident. The witness Yelton was testifying concerning the passing of his pick-up truck by the car driven by deceased when the following proceedings were had:

"Q. After he passed you, then what happened? A. Well, as he started to pass me, I thought at the time that he ws,—

"Mr. Zener: We object to anything he thought at the time; let him tell what took place.

"Mr. Merrill: It is a part of the cross examination,—a part of the res gestae.

"The Court: I think it is a part of the res gestae. I will let him answer.

"A. I thought at the time he was doing some pretty close figuring because the car was parked in the highway in the opposite lane of traffic, which he had to use to go around me, and that is the reason I noticed the car and the license plate at that time."

Appellant cross examined the witness on this point as follows:

478

"Q. Well, did it get back in its own lane of traffic? A. Again, I say it appeared to be back in its own lane. I was trying to stop the truck in the meantime, and I couldn't of course keep my eyes on it entirely.

"Q. Why were you attempting to stop the truck at that time? A. It was getting to be a pretty tight squeak.

"Q. A tight squeak, in what respect? A. Well, there actually wasn't room between my pick-up and the Chevrolet on the highway for a car to pass. As soon as the Buick started around me I thought I had better slow down and give him all the room he could get."

We find no prejudicial error under this assignment.

■ Appellant, in her brief contends the case should be reversed because the record discloses that appellant paid $516.45 for the burial of the body of John Paul Sorgatz. There is no assignment of error in the brief covering this point. The complaint in the case does not present any such theory of recovery, and would not support a judgment in this respect. Appellant is bound by the theory upon which the case was presented in the lower court. Koch v. Elkins, supra; Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686; Swaringen v. Swanstrom, 67 Idaho 245, 175 P.2d 692; Webster v. Potlatch Forests, 68 Idaho 1, 187 P.2d 527.

The judgment of the trial court is affirmed. Costs awarded to respondents.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.