## EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. MacDONALD.

### No. 8636.

Circuit Court of Appeals, Ninth Circuit.

May 2, 1938.

As Modified on Denial of Rehearing June 22, 1938.

Stephen V. Carey, R. B. Albertson, and Kerr, McCord & Carey, all of Seattle, Wash., for appellant.

Layton & Boyrie and Gunther F. Krause, all of Portland, Or., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This appeal is from a judgment upon a verdict in favor of the insured under three life policies, with indemnity for total disability, which the insurer contended were procured by false and fraudulent misstatements in the insured's application.

The case went to the jury without a request for an instructed verdict for the defendant company. The claims of error the record requires us to consider concern the effect on the burden of proof of a presumption of intent to deceive and a refused instruction relative to a presumption arising from the proof of material misstatements knowingly made.

The claimed misstatements consisted of negative answers to various questions in the application concerning prior consultations with physicians and the treatment of afflictions to various organs of the body. In the absence of a motion for a directed verdict, the question cannot be raised here whether it should have been given in favor of the defendant on the consideration of all the evidence.

The law controlling this case is that of the State of Washington. Erie Railroad Co. v. Tompkins, 58 S.Ct. 817, 82 L.Ed. ——, decided by the United States Supreme Court on April 25, 1938. Unlike some other jurisdictions,* it is the law of Washington that an insurance policy cannot be avoided unless it appears that there be not only untrue representations knowingly made in the application for the policy, but also that in making the representations the insured had a fraudulent intent to deceive the company. Rem.Rev.Stat., § 7078; Great Northern Life Ins. Co. v. Johnson, 187 Wash. 347, 355, 60 P.2d 109, 112.

The court instructed the jury that the burden of proof of such fraudulent intent was:

"If the insured caused the issuance of these policies by means of any materially false and fraudulent representations this defendant alleges that he made, and such facts have been established by sufficient evidence, the plaintiff cannot recover. * * *

"The burden of showing that the assured knew at the time of making these representations that they were false, or some of them at least were false, with the intent, design and purpose to deceive the defendant and induce it to issue these policies—the burden of showing that by evidence that is clear, convincing and unequivocal rests upon the defendant."

To this the insurer excepted as follows:

"As I recall, Your Honor stated, with respect to the matter that counsel just spoke of, that if material misstatements of fact were made, and it seems to be undisputed that they were, then the burden was on the defendant to prove the intent of the plaintiff in making those statements, and to prove that intent by clear and unequivocal evidence.

"If I correctly understood your Honor, I think you are in error about that, and if my understanding is correct I want an exception noted, because my understanding is that it being admitted that a material misstatement of fact was made, a presumption immediately arises that it was made with intent to deceive, and the burden is then upon the party making the misstatement to overcome that presumption."

It is obvious from this exception that it was not the statement of the quantum of the burden of proof upon the insurance company, as being "clear, convincing and unequivocal," to which the exception was directed. It was the existence of any burden of proof at all *upon the insurer* on the question of intent. Its position is that once it is shown that a material misstatement of fact is made, the burden of proof shifts from the insurer to the insured to show the absence of fraudulent intent to deceive.

Nor does the exception suggest to the trial judge, or a fortiori to this court, that there is no evidence in the record that can overcome the presumption. On the contrary, the insurer tells the court that it should instruct the jury that the insured did have a burden to maintain, which he would not have if there was no evidence upon which a burden could rest. The insured offered evidence of a claimed immateriality of the matters about which the consultations

---

* Columbian Nat. Life Ins. Co. v. Rodgers, 10 Cir., 93 F.2d 740, 742; New York Life Ins. Co. v. Odom, 5 Cir., 93 F. 2d 641, 644.

were had, from which the jury could have inferred absence of intent to deceive.

There being such evidence of innocence, the question then is: "What is the law of Washington with regard to the *burden of proof* when the insurance company has proved the insured's knowingly having made the false and fraudulent representations?" The Washington Supreme Court holds that it raises a presumption, which it describes as follows: "The proof of making of false and fraudulent representations raises a presumption of dishonest motive which must be overcome by evidence establishing an honest motive."

Great Northern Life Ins. Co. v. Johnson, supra, 187 Wash. 347, 60 P.2d 109, 112.

 Under the Washington law a presumption is not evidence and does not shift the burden of proof, but merely shifts to the party against which it exists the duty of going forward with the evidence. The presumption here disappears when there is evidence on the subject which, in its absence of the presumption, would warrant the inference of an innocent intent.

In Anning v. Rothschild & Co., 130 Wash. 232, 235, 226 P. 1013, 1014, the Supreme Court of Washington says:

"In Scarpelli v. Washington Water Power Co., 63 Wash. 18, 114 P. 870, we quoted and adopted the following from the language of the Supreme Court of South Dakota (Peters v. Lohr, 24 S.D. 605, 124 N.W. 853):

" 'A presumption is not evidence of anything, and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining a matter in issue. A presumption will serve as and in the place of evidence in favor of one party or the other until prima facie evidence has been adduced by the opposite party; but the presumption should never be placed in the scale to be weighed as evidence. The presumption, when the opposite party has produced prima facie evidence, has spent its force and served its purpose, and the party then, in whose favor the presumption operated, must meet his opponents' prima facie evidence with evidence, and not presumptions. A presumption is not evidence of a fact, but purely a conclusion. Elliott, Ev. §§ 91, 92, 93; Wigmore, Ev. §§ 2490, 2491.'

"See, also, Nicholson v. Neary, 77 Wash. 294, 137 P. 492; Welch v. Creech, 88 Wash. 429, 153 P. 355, L.R.A.1918A, 353; Beeman v. Puget Sound Traction, L. & P. Co., 79 Wash. 137, 139 P. 1087; and Singer v. Metz Co., 107 Wash. 562, 182 P. 614, 186 P. 327.''

 Since the presumption does not shift the company's burden of proof of the insured's intent to deceive, the exception to the instruction stating that it was on the company, on the ground that the presumption did shift that burden, is not well taken.

 The insurance company claims further error in the refusal to give the following instruction: "If you find that when applying for the insurance contracts in question at Grand Forks, North Dakota, in July, 1931, plaintiff knowingly made material misstatements of fact relative to his prior condition of health, a presumption arises that such misstatements were made by him with intent to deceive and mislead the defendant."

There is nothing in this instruction to indicate that under the Washington law it is rebuttable, i. e., that it "may be overcome by evidence establishing an honest motive," which the insurance company properly contended is its character, when it stated to the trial judge, "the burden is then upon the party making the misstatement to overcome that presumption." Hence there was no error in refusing to give it.

Affirmed.