290 P.2d 744

Chester W. GRAHAM, Ernest H. Graham, a minor, by Chester W. Graham, his guardian ad litem, Wayne R. Graham, a minor, by Chester W. Graham, his guardian ad litem, Plaintiffs-Respondents,

v.

E. M. MILSAP, Defendant-Appellant.

No. 8306.

Supreme Court of Idaho.

Nov. 23, 1955.

Clements & Clements, Lewiston, for appellant.

Cox, Ware & Stellmon, Lewiston, Robert C. Strom, Craigmont, for respondents.

182

ANDERSON, Justice.

Respondents brought this action to recover damages for the death of Blanche L. Graham, who was killed in a collision between their Plymouth sedan and the truck of appellant on December 29, 1952, on U. S. Highway 95 approximately two miles south of Craigmont, Idaho. Blanche, the wife of respondent Chester and the mother of the other respondents, was driving toward Craigmont, going around a curve, when respondents' car collided with appellant's logging truck, which was being driven by his admitted agent and employee, Stanley F. Bledsoe, in the opposite direction. The parents and the older child, then age three, were riding in the front seat, and the younger child, then age one, was in a makeshift bed in the rear seat at the time of the collision.

Much of the evidence is very conflicting, especially as to who was on the wrong side of the road, where the debris and tire marks were, and the position of the car and the truck at the time of the collision, each party claiming the other's driver was on the wrong side of the road. Respondent Chester Graham testified that he was sitting on the right-hand side of his car and observed shortly before the collision that his car nearly went off the right edge of the oiled pavement. Appellant offered evidence that Graham had stated that he was asleep at the time of the collision, and Graham admitted on cross-examination he might have been asleep prior to the accident. Appellant's driver testified he had an unobstructed view of the entire sequence of events prior to the accident, and that his truck was over on his own side of the road far enough to have his right outside dual tires on the shoulder of the road, and that he saw nothing unusual in the approach of the Plymouth sedan until it was within 20 to 25 feet of the truck, when it crossed the center line. At the place of the collision the highway was 20 feet in width on the hard oiled surface, and had shoulders on both sides beyond the oil of three to five feet in width. The Plymouth and the truck were each going between 35 and 40 miles per hour at the time they collided. The complaint alleges negligence of appellant's driver and lack of negligence on the part of the driver of the Plymouth. The answer of appellant alleges that the driver of the Plymouth was negligent, and that her negligence was the proximate cause of the accident and her death.

The case was tried to a jury, and, after denial of appellant's motion for a non-suit, jury returned a verdict for the respondents. Motions were made by appellant for

a new trial and for judgment notwithstanding the verdict. These were denied by the trial court. This appeal was then perfected.

Appellant assigns as error the refusal of the trial court to grant his motion for non-suit and the denial of his motion for a new trial and motion for judgment notwithstanding the verdict, claiming that the evidence was not sufficient to sustain a verdict. As pointed out in the statement of facts above, the evidence is conflicting. A review of the transcript of the testimony discloses that there is sufficient substantial evidence, if believed by the jury, to sustain a verdict for the respondents. This court has several times stated:

"* * * where the minds of reasonable men might differ, or where different conclusions might be reached by different minds, the question as to the existence of negligence and contributory negligence are questions for the jury." Stallinger v. Johnson, 65 Idaho 101, 111(3), 139 P.2d 460, 465.

The supreme court is not the trier of the facts, and is committed to the rule it will pass on a question of negligence only in clear cases, where the question of negligence is free from doubt. O'Connor v. Meyer, 66 Idaho 15, 23, 154 P.2d 174.

Appellant assigns as error the fact that the court instructed on the last clear chance doctrine and submitted that question to the jury. Appellant contends that this question was not involved because respondents did not admit contributory negligence, and for the further reason that there was no evidence to justify such an instruction. Respondents, on the other hand, contend that appellants, by their answer, injected contributory negligence and the doctrine of last clear chance into the case, and cite Hooker v. Schuler, 45 Idaho 83, 89, 260 P. 1027, 1028, wherein this court said:

"We believe the rule is correctly stated in the case of Mosso v. E. H. Stanton Co., 75 Wash. 220–225, 134 P. 941, 944, L.R.A.1916A, 943, where the court said:

" 'It is next contended that the court erred in submitting to the jury the question whether the appellant, by an observance of the rule of "last clear chance," could have avoided the accident. It is first argued that this rule cannot be invoked because the complaint did not admit contributory negligence on the respondent's part. The answer, however, denied any negligence of the appellant and alleged affirmatively that the respondent's injury was due to his own negligence. This was equivalent to an allegation that contributory negligence of the respondent was the proximate cause of the injury. It was put in issue by the denial in the reply. The rule of last clear chance is grounded in the doctrine of proximate cause. Like any other phase of proximate cause, evidence to

sustain it may be submitted to the jury under the general issue. We cannot subscribe to the doctrine that the rule of last clear chance can only be invoked by a plea in confession and avoidance.' "

The case of McKinley v. Wagner, 67 Idaho 104, 111, 170 P.2d 796, 799, cited by respondents, states:

" ' * * * last clear chance doctrine is authorized by the pleadings, where the complaint alleges negligence of the defendant and the answer denies it, and alleges that the accident was caused by the plaintiff's negligence.' "

▮▮▮ We are of the opinion that under the pleadings now before us the last clear chance doctrine could be an issue in the case if there were substantial evidence to support it. In this case there was no such evidence. McIntire v. Oregon Short Line R. Co., 56 Idaho 392, 55 P.2d 148; Ineas v. Union Pacific R. Co., 72 Idaho 390, 241 P.2d 1178. The last clear chance rule is clearly stated in 38 Am.Jur., Negligence, sec. 219, p. 905, as follows:

" * * * It has been said that last clear chance implies thought, appreciation, mental direction, and lapse of sufficient time effectually to act upon the impulse to save another from injury. The doctrine is not applicable where the emergency is so sudden that there is no time to avert the accident. Suc-

cinctly stated, the last clear chance must be a clear one."

In Ineas v. Union Pacific R. Co., 72 Idaho 390, 241 P.2d 1178, plaintiffs sought to recover for death of a truck passenger in a railroad crossing accident. Witnesses estimated speed of the train at from 30 to 55 miles per hour. The railroad fireman testified the train was approximately 100 feet from the point of collision when it became apparent the truck driver was going to continue across the tracks. In sustaining judgment for defendants, the court held, 72 Idaho at page 404, 241 P.2d at page 1188:

" * * * the last clear chance cannot operate in favor of deceased unless there remains time after the defendant is reasonably charged with knowledge of deceased's peril for the defendant to prevent the injury. The uncontradicted mathematics of the relative speed of the truck and the train and what their converging positions were, show there was not time for the last clear chance to be applicable. Ross v. Fleming, supra, 165 Kan. 279, 194 P.2d 491 at page 497."

In McIntire v. Oregon Short Line R. Co., 56 Idaho 392, 55 P.2d 148, the plaintiff sought to recover for injuries he suffered when his car was struck by a train at a crossing. The brakeman testified he saw the plaintiff's peril when the train was 50 to 60 feet from the crossing, and called to

the engineer to stop the train. The court noted, 56 Idaho at page 401, 55 P.2d at page 152:

" * * * the evidence shows without dispute or any conflict that the train could not then have been stopped in time to have prevented or avoided the accident."

The court held it was error to instruct on last clear chance, and reversed the judgment for the plaintiff, saying, 56 Idaho at pages 396–397, 55 P.2d at page 149:

"This court has thus stated the doctrine of last clear chance:

" 'If the one party (here appellant) knows of the peril of the other (respondent), although brought about by that other's (respondent) negligence, in time to avoid injuring him, he is at once put to a degree of care commensurate with the present situation of the parties.' Short v. Boise Valley Traction Co., 38 Idaho 593, at page 599, 225 P. 398, 399, citing cases.

"Analyzing the statement gives this initial requirement for application of the doctrine: That appellant must have perceived respondent's peril at a time when respondent could not have saved himself and in time for appellant to have avoided the accident. Here appellant did not perceive respondent's peril and respondent was in no peril until respondent was upon or so close to the track that he could not stop,

which, beyond any dispute, was at a time when the train could not have been stopped before passing the crossing."

█ The cases of McKinley v. Wagner, supra, and Evans v. Davidson, 58 Idaho 600, 614–615, 77 P.2d 661, wherein they held the issue of last clear chance was for the jury, are distinguishable as to the time element. In the McKinley case the plaintiff signaled a left turn 100 to 150 feet before he made the turn and collided with defendant's truck, which was then attempting to pass on his left, both cars going the same direction; and in the Evans case, plaintiff's car turned into defendant's line of traffic while the two cars were 75 to 100 yards apart and coming toward each other at speeds estimated at from 35 to 65 miles per hour, while in the present case the cars were only 12 to 25 feet apart and coming toward each other, each at a speed of 35 to 40 miles per hour, and there was no last clear chance to avoid the accident. Where the act which creates the peril occurs at practically the same time as that of the accident, it cannot be fairly said that either party had a last clear chance thereafter to avoid the consequences. Allin v. Snavely, 100 Cal.App.2d 411, 224 P.2d 113, 116.

In the case of McIntire v. Oregon Short Line R. Co., 56 Idaho 392, 398, 55 P.2d 148, 150, this court quoted with approval the following:

" 'The fact that an instruction may be correct as a general principle of law

186

is not material, because it was the duty of the trial court to confine itself to a statement of such principles of law as were applicable to the evidence admitted in support of the contentions of the parties, and thus to aid the jury in arriving at a correct determination of the issues involved, for, if an instruction is not thus based on the evidence, it is erroneous, in that it introduces before the jury issues not presented thereby, and is well calculated to mislead and induce *them to suppose that a state of facts constituting such issues existed, in the opinion of the court, under the evidence and might be considered by them.* 14 R.C.L. § 51. (Italics herein ours.)

" 'And in determining the scope of its instructions the court must keep in mind the issues made by the pleadings in the case, and the evidence adduced in support thereof, and no instruction should be given which tenders an issue that is not supported by the pleadings and such evidence, or which deviates therefrom in any material respect. The theory upon which the rule is founded is that the giving of an instruction outside the issues made by the pleadings tends to mislead the jury into the belief that such an issue is before them and bring them to an improper verdict. 14 R.C.L. § 50.' "

■■ An instruction on the last clear chance doctrine should not have been pre-sented to the jury, even though the complaint alleges negligence of the appellant, and the answer denies it and alleges the accident was caused by the negligence of the deceased, there being no evidence to support such doctrine. The respondents invoked the last clear chance doctrine and submitted a requested instruction thereon, and the court announced to counsel that an instruction would be given on the subject. Appellants thereafter submitted a requested instruction which began:

"You have been instructed concerning a doctrine, which the law recognizes as last clear chance. * * *"

The doctrine was then tersely stated, and it was further stated that the plaintiff who invokes the doctrine has the burden of proving that his case comes within it. Under these facts, the appellant did not invite error by submitting such a requested instruction, as the doctrine was not initially raised by the appellant, and the requested instruction was submitted only as a defensive request after the court had announced that it would instruct on this point. The giving of the instruction on last clear chance was reversible error. Schouten v. Crawford, 118 Cal.App.2d 59, 257 P.2d 88, 91(11–13); Bryan v. Southern Pacific Co., 79 Ariz. 253, 286 P.2d 761.

■ Appellant further assigns as error the court's refusing to give his requested instruction no. 12, which reads:

"You are instructed that the plaintiffs cannot recover in this action for the death of Blanche LaVonne Graham unless she, herself, could have recovered for her injuries had she lived."

Respondents contend that instructions nos. 10 and 11 given by the court covered this requested instruction. Although this instruction was partly covered by the court's instructions, and refusal to give appellant's requested instruction no. 12 standing alone may not constitute reversible error, nevertheless it should have been given. Hooten v. City of Burley, 70 Idaho 369, 375(3), 219 P.2d 651.

The appellant assigns error in the court's refusing to give his requested instruction no. 43. It reads:

"You are instructed that the law presumes that a decedent exercised due care and caution. However, if you find that there is *positive* evidence which *conclusively* contradicts the presumption of due care and caution, which applies to the person killed, and thereby shows that the decedent did not exercise such due care and caution, the presumption is not only overcome but the heirs of the decedent may not recover." (Emphasis added.)

He cites in support of his contention Ineas v. Union Pacific R. Co., 72 Idaho 390, 241 P. 2d 1178. At page 405 of 72 Idaho, 241 P.2d 1188, the court stated that there was positive evidence which conclusively contradicted the presumption of due care

and caution which applied to the person killed, and by thus showing the person had not exercised such due care and caution, it not only overcame the presumption, but prevented recovery by the deceased's representatives.

The court did not state that it was necessary to have positive evidence which conclusively contradicted the presumption. All that is necessary is that the presumption be overcome by a preponderance of the evidence in a negligence action. Calkins v. Blackwell Lumber Co., 23 Idaho 128, 129 P. 435. Whether this has been done or not is a question for the jury to decide. A party is not entitled to an instruction that does not correctly state the law, even if he could not have complained of error, had the court given it, because it was less favorable to him than he was entitled to under the law. In Carpenter v. McKissick, 37 Idaho 729, 733, 217 P. 1025, 1026, this court stated: ·

"* * * It is elementary, however, that if a requested instruction contain anything improper, the action of the trial court in refusing the entire instruction is not error."

The trial court did not err in refusing appellant's requested instruction no. 43. Instructions on presumptions of due care on the part of a decedent are not favored, and the tendency is to refrain from giving them, especially where there

are eye witnesses. Koch v. Elkins, 71 Idaho 50, 55, 56, 225 P.2d 457.

Our decision herein makes it unnecessary to consider the other assigned errors.

The judgment is reversed and the cause remanded for a new trial. Costs to appellant.

TAYLOR, C. J., and KEETON, PORTER, and SMITH, JJ., concur.