518 P.2d 964

**Sylvan Henderson DOPP, Plaintiff-Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY,**
a corporation, Defendant-Respondent.

**No. 11243.**

Supreme Court of Idaho.

Feb. 5, 1974.

Derr, Derr, Walters & Cantrill, David W. Cantrill, Boise, Reiter, Wall & Bricker and Bemis, Breathouwer & Joseph, George Joseph, Portland, Or., for plaintiff-appellant.

D. James Manning, Pocatello, for defendant-respondent.

McFADDEN, Justice.

Sylvan Henderson Dopp, the plaintiff-appellant, instituted this action against the Union Pacific Railroad Company, defendant-respondent, under the provisions of 45 U.S.C.A. § 51 et seq. (Federal Employers' Liability Act),[1] seeking damages for personal injuries alleged to have been sustained while working as an employee of respondent. Following trial, the jury entered its verdict in favor of respondent railroad company, and this appeal followed.

Appellant Dopp was employed by respondent railroad company as a switchman. On the morning of September 1, 1971, as a member of a switching crew working in the Pocatello yard, appellant was engaged in removing a boxcar from a long line of freight cars in respondent's switching yard. During this switching procedure, and while the engine and cars were at rest, appellant had to release the manual brake on a flatcar. According to his version of the facts, appellant climbed from a boxcar onto a flatcar, while crossing the flatcar to reach the brake staff the train unexpectedly moved and he lost his balance. In order to regain his balance, he grabbed the wheel of the brake staff and stepped sideways onto the coupler mechanism between the flatcar

and the adjoining car. As the train moved, the coupler closed and crushed his left foot. The crew foreman found Dopp with his foot caught in the coupler and signaled the engineer to move the train in order to release Dopp's foot. Appellant instituted this action to recover damages for his injuries.

In his assignment of error which is determinative of this appeal, appellant contends the trial court erred in failing to instruct the jury that a breach or violation of a company operating rule may be considered as evidence of negligence on the part of the company.

In Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520 (1944), reh. den. 321 U.S. 802, 64 S.Ct. 610, 88 L.Ed. 1089, the Supreme Court of the United States held that failure to ring a bell when an engine is about to move, contrary to the railroad company's own rule, could be considered as evidence of negligence on the part of the railroad company. In Teets v. Chicago, South Shore & South Bend Railroad, 238 F.2d 223 (7th Cir. 1956), the court held that a question of fact was presented for resolution by the jury whether an employee of the railroad company had violated an operating rule of the company and whether such violation was a proximate cause which contributed in whole or in part to the employee's injury.

In this case, although appellant did not see fit to introduce in evidence any written operating rule of the respondent, two witnesses testified as to certain operating rules of the company. Mr. Hoffman, the engineer of the train involved, testified to the effect that the rules of the company required that the location of everyone in the crew should be known before making a movement of the train. Mr. Hennessy, the assistant division superintendent, disputed Hoffman's statement, but later admitted that there was a company rule governing the obligation of a crew member before

1. Under the Federal Employers' Liability Act (F.E.L.A.) state courts have concurrent jurisdiction with the federal courts. 45 U.S.C.A. § 56. Also, the F.E.L.A. is not a work- men's compensation act, and the plaintiff must prove his employer's negligence to recover damages. 45 U.S.C.A. § 51.

relaying a signal to move the train to first ascertain the whereabouts of all crew members.

 Although appellant did not allege in his complaint a violation of a company operating rule as one of the grounds relied upon by him to establish negligence, evidence of such a violation was admitted without objection as to its relevancy or materiality. In such situation under I.R. C.P. 15(b) this became a factual issue. Green v. Beaver State Contractors, Inc., 93 Idaho 741, 472 P.2d 307 (1970). It is the conclusion of the court that where there was evidence of such a rule presented and a factual issue existed as to whether such a rule had been violated the trial court erred in not giving an instruction to the jury concerning the violation of the company's operating rules.

Inasmuch as this case must be reversed for further proceedings, it is appropriate that this court consider appellant's other assignments of error. I.C. § 1–205.

Appellant assigns as error the trial court's procedure in selection of the jury. I.C. § 10–202.[2] In this case the parties had completed the voir dire examination of the twelve prospective members of the jury, and the jury had been passed for cause. Then each party alternatively exercised three peremptory challenges commencing with the appellant. After respondent had exercised its third peremptory challenge and a new juror was seated, the appellant then examined this juror on voir dire and waived his fourth peremptory challenge. Respondent exercised its fourth peremptory challenge against the prospective juror last drawn. A new juror, Mr. Fry was then drawn to replace the juror excused by respondent. Appellant then sought to exercise his fourth peremptory challenge on Mr. Fry, and the trial court denied his request stating that appellant had waived his right to exercise the fourth challenge.

Appellant asserts that he waived his fourth challenge only to the jury as then constituted, and that when respondent's fourth peremptory challenge to the last juror changed the jury's composition, appellant should have been allowed to exercise his fourth peremptory challenge. Appellant attacks the validity of Hurt v. Monumental Mercury Min. Co., 35 Idaho 295, 206 P. 184 (1922), contending that case was incorrectly decided. In that case this Court considered a factual situation identical as that involved herein and stated, concerning I.C. § 10–202,

"each party may exercise his right of peremptory challenge, a new juror being called after the exercise of any such challenge. These peremptory challenges must be taken by the parties alternately, commencing with the plaintiff. Either party may waive or exercise his right of peremptory challenge, and this must be done alternately. This practice has long been followed in this state, and we see no reason to depart from it." 35 Idaho 299–300, 206 P. 185.

The court's holding specifically prohibited a plaintiff who waived his fourth peremptory challenge from exercising that challenge after the jury's composition changed by the defendant's subsequent exercise of a peremptory challenge.

 Although I.C. § 10–202 specifically entitles each party to four peremptory challenges, the statute requires that "they [peremptory challenges] must be taken by the parties alternately commencing with the plaintiff." We find no error in the trial court's ruling that appellant had waived his fourth peremptory challenge.

 Appellant also asserts the trial court erred in not giving his requested instruction no. 18, which in effect stated that a plaintiff is presumed to have exercised reasonable care for his own safety. Nor-

2. I.C. § 10–202 provides: "Challenge of jurors.—Either party may challenge the jurors, but where there are several parties on either side, they must join in a challenge before it can be made. The challenges are to individual jurors, and are either peremptory or for cause. Each party is entitled to four peremptory challenges. If no peremptory challenges are taken until the panel is full, they must be taken by the parties alternatively, commencing with the plaintiff."

mally, it is not proper to give an instruction on the presumption on due care on the part of a plaintiff where there are available witnesses to the facts and circumstances leading up to the accident and the actions of the injured party immediately prior thereto. Koch v. Elkins, 71 Idaho 50, 225 P.2d 457 (1950); Graham v. Milsap, 77 Idaho 179, 290 P.2d 744 (1955); Drury v. Palmer, 84 Idaho 558, 375 P.2d 125 (1962). In Haman v. Prudential Ins. Co. of America, 91 Idaho 19, 415 P.2d 305 (1966), this court in discussing the applicability of the presumption of due care, stated:

> "This court has limited the use of such presumption to situations where a person is killed, Fleenor v. Oregon Short Line R. R. Co., 16 Idaho 781, 102 P. 897 (1909), or unavailable as a witness because of insanity, Webb v. Gem State Oil Co., 56 Idaho 465, 55 P.2d 1302, (1936), or has suffered a loss of memory, Department of Finance v. Union Pacific R. R. Co., 61 Idaho 484, 104 P.2d 1110, (1940); Geist v. Moore, 58 Idaho 149, 70 P.2d 403, (1937); Van v. Union Pacific Railroad Company, 83 Idaho 539, 366 P.2d 837, (1962)." 91 Idaho at 24, 415 P.2d at 310.

Federal courts dealing with Federal Employers' Liability Act cases, likewise, instruct the jury on the presumption of due care only in cases where the employee died. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520 (1944), reh. den. 321 U.S. 802, 64 S.Ct. 610, 88 L. Ed. 1089; Thomas v. Conemaugh Black Lick R. R., 133 F.Supp. 533 (D.C.Pa.1955), aff'd 234 F.2d 429 (3d Cir. 1956).

Since the appellant and other witnesses were present and testified as to the details of the accident, the trial court did not err in refusing to give this instruction.

The judgment of the district court is reversed and the cause remanded for new trial. Costs to appellant.

SHEPARD, C. J., and DONALDSON, McQUADE and BAKES, JJ., concur.