367 P.2d 584

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Charlie CARRINGER, Defendant-Appellant.**

**No. 8936.**

Supreme Court of Idaho.

Dec. 27, 1961.

Gus Carr Anderson, Pocatello, for appellant.

Frank L. Benson, Atty. Gen., Wm. E. Swope, Asst. Atty. Gen., Hugh C. Maguire, Jr., Pros. Atty., Bannock County, Pocatello, for respondent.

**34**

McFADDEN, Justice.

The defendant was convicted of the crime of receiving stolen property, and his motion for new trial having been denied, he appeals from the judgment and from the order.

The principal point raised by this appeal is that the method by which the jury was impaneled was improper. The method employed is outlined as follows:

The Court directs the clerk to draw and call twenty-four names from the panel. They take their places in the jury box. This number equals the twelve who will act as trial jurors, plus the combined total of all peremptory challenges that may be exercised. Counsel then must exercise their peremptory challenges to the whole twenty-four and not merely to the first twelve called. In the exercising of such challenges counsel for the State first writes the name of a juror to be challenged on his sheet, which is handed to the Bailiff and shown to counsel for defendant; counsel for defendant then writes the name on his sheet of the juror he challenges and this likewise is shown to counsel for the State. This method is continued in such manner until all peremptory challenges are used or both parties waive. Then the Bailiff brings the peremptory challenge sheets to the Clerk who checks off on her list the names of all jurors challenged and these individuals are asked to step down. If all peremptory challenges have been exercised, only twelve jurors remain in the box, and these are sworn to try the case.

If the parties have not used all their peremptory challenges, (which was the case here, the State not having exercised all its peremptories, although the defendant did exercise all his), the Clerk checks off the names of all those challenged, who are then directed to step down, and then checks off, as excused by the Court, in the reverse order of which their names were called, the additional jurors; that is to say, beginning with the last juror called, and then the next to the last, and in that sequence, until only twelve remain, they being the first twelve of the twenty-four not challenged by either party.

In explaining this, the court stated:

"* * * Ordinarily, the ruling used to be that once having waived you waive for all except the new names called into the jury box, and I think the rule should be, in view of the fact that the entire panel has been exhausted for cause,—in other words, all those, —and leaving only those who are subject to peremptory challenges, that once having waived, the side is bound by that waiver for the balance of it."

And in further explanation of this, the court stated:

"I might make a further explanation to you gentlemen: In the future to avoid a misunderstanding the bailiff will be instructed that as soon as one side waives, then the slip need not be passed to that side any further but will be left with the side who has not waived to continue to exercise the remainder of their peremptories, because a side having once waived then it has no further interest in what the other side does; and that is perhaps the cause of the confusion, passing it back and forth after a side has waived. In the future the bailiff will be instructed when one side waives, then the slip need not go back to that side any more. I think that will clarify the difficulty."

The trial court in adopting this procedure was attempting to expedite the selection of jurors for the trial of a cause. While this may have merit in the expedition of trials, unfortunately it is of such wide variance from the customary practices of the other trial courts, of this State, and from the method as required by statute, that it must be considered as such error as to require reversal of the judgment in this action.

"After the jury is passed for cause, both parties alternately, beginning with the people, may take their peremptory challenges. But no challenge is lost by failure to alternate if the panel is opened by the other party; and each party is entitled to a full panel before exercising a peremptory challenge." I.C. § 19–2030.

This statute contemplates the selection first of twelve prospective jurors. Upon the exercise of a peremptory challenge, the prospective juror is then excused, and a new venireman selected by the clerk. Only after the new venireman has been seated, under the provision of the statute, can the opposing side then exercise the next peremptory challenge.

█ Requiring the parties to direct their challenges to the body of twenty-four, instead of to a body of twelve, in effect took the element of chance that the next juror selected would be one who is acceptable. The procedure adopted here put both the state and defendant on notice as to who would be sitting on the trial jury, eliminating to a degree this element of chance inherent in the selection of a jury.

"The statute prescribing the order in which peremptory challenges should be made was not a mere rule of procedure for the orderly conduct of criminal trials. It was a right secured to the defendant. It had at least the semblance of benefit to the accused. The statute is peremptory, and violation of its provisions was a substantial, and not a mere technical, error." People v.

McQuade, 110 N.Y. 284, 18 N.E. 156, 159, 1 L.R.A. 273.

I.C. § 19–3702 and I.C. § 19–2819 are recognized as admonitions against reliance on technical errors or defects as the basis for reversals of judgments in criminal actions. Yet these sections cannot be considered as authorizing the trial court to disregard the usual and ordinary procedure in the trial of a cause and adopt a new and entirely different manner from that provided by statute. Such a course is not a mistake in procedure, it is a substitution of procedure. What would excuse a mistake in procedure would not and could not be held to allow the creation of a course unprovided for by law. People v. O'Connor, 81 Cal.App. 506, 254 P. 630; People v. Diaz, 105 Cal.App.2d 690, 234 P.2d 300.

Idaho Const. Art. 5, § 26 provides for uniformity in operation of laws throughout the state. The method of selection of the jury here was at such variance from the statutory requirement that error resulted therefrom.

The cause being remanded for new trial, for the foregoing reasons, the other errors assigned will be resolved at the new trial.

Judgment of conviction reversed and cause remanded for new trial.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.