569 P.2d 362

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James W. LATHAM,
Defendant-Appellant.**

No. 12435.

Supreme Court of Idaho.

Sept. 22, 1977.

---

Monte B. Carlson of Webb, Burton, Carlson & Pedersen, Twin Falls, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

Defendant-appellant James Latham was convicted by a jury in magistrates' division of violating I.C. § 49–1102, driving while under the influence of intoxicating liquor. He appealed to the district court and his conviction was affirmed. Latham appeals to this Court alleging error in the jury selection process.

A defendant accused of a misdemeanor is entitled to trial by a jury of six members, I.C. § 19–1902. Each side in a misdemeanor trial is allowed three peremptory challenges. I.C.R. 24. Here, six jurors were sworn for voir dire and were not challenged for cause. We will call these jurors A, B, C, D, E, and F. The first round of peremptory challenges was initiated by the state, who challenged one juror, A. A replacement was selected, juror G, and passed for cause. The defense then challenged another juror, C, who was replaced by juror H.

In the second round, the state declined any challenges and the defense challenged another juror, D, who was replaced by juror I. In the third round the state again declined any challenges and the defense challenged juror F, who was replaced by juror J.

The magistrate then asked the state if it would like to exercise any more peremptory challenges. The defense objected to this, claiming the state had waived its final two challenges. Before recessing to chambers to argue that issue, the magistrate instructed the clerk to choose two alternate jurors. Jurors K and L were selected from the jury panel and the rest of the panel was dismissed. After the court reconvened, the state was permitted to challenge the last replacement juror, juror J and juror K was chosen to take his place. Over the defense's objection, the state was offered an opportunity to challenge this last replacement, juror K, but declined to do so.

The issues raised on appeal are:

(1) Whether the trial court committed reversible error in selecting two alternate jurors who would replace jurors challenged by the state before the state exercised two last peremptory challenges.

(2) Whether the trial court committed reversible error in ruling that the state's failure to exercise a peremptory challenge was not a waiver of that challenge.

We hold that Latham's right to a fair trial by jury was prejudiced and reverse his conviction.

To ensure the empaneling of an impartial jury, Idaho has set a procedure to be fol-

lowed. This process is set out in the Idaho Rules of Civil Procedure and is carried over into the criminal trials by I.C. § 19–1905.

Rule 47(g) of I.R.C.P. requires the trial jury to be selected at random from the initial jury panel. As jurors are challenged for cause they are immediately replaced from the jury panel. I.R.C.P. 47(i). This must also be the case with peremptory challenges, as "each party is entitled to a full panel before exercising a peremptory challenge." I.C. § 19–2030.

The purpose of the random selection of jurors is to ensure a fair trial by an impartial jury.

"* * * the requirement is that the original sources, taken together, are represented; that perspective jurors be drawn from this group at random; and that jury panels be drawn from the group of qualified jurors at random." ABA Advisory Committee on the Criminal Trial, *Standards Relating to Trial by Jury*, p. 51, September 1968.

■ In the present case we find these standards were not met. This deviation occurred when the trial judge had two jurors chosen as alternates before giving the state their two disputed peremptory challenges. These alternates were to be the pool to replace any jurors the state would now strike under their two challenges. This procedure, in effect, gave the state a chance to pick which of the three, juror J, K, or L, they wanted on the jury. This was especially the case after the state had challenged juror J. The state did challenge this juror and he was replaced by one of the two alternate jurors, juror K. The state was now offered another challenge to this last replacement juror. Now the state could absolutely choose who they wanted for that last juror. They had juror L ready to replace juror K should they choose to strike juror K.

This procedure is not the one prescribed by Idaho law. By limiting the pool from which replacements will be drawn, Latham was denied his right to trial by an impartial jury. Peremptory challenges are to be used to strike a particular juror, but not to choose his replacement. "The right is one of rejection, i.e. defendant is entitled to a fair trial by an impartial jury, *but he is not entitled to have a particular juror selected.*" (emphasis added) 3 Wharton's Criminal Procedure, § 441 (12th ed. 1975).

Courts scrutinize carefully any variations in the jury selection process. *State v. Carver*, 94 Idaho 677, 496 P.2d 676 (1972). This Court has held that the element of chance is inherent in the selection of a jury. *State v. Carringer*, 84 Idaho 32, 367 P.2d 584 (1961). In that case the trial court had directed the clerk to draw and call twenty-four names from the panel. This number equalled the twelve who would eventually act as trial jurors plus the combined total of all peremptory challenges the two sides would be allowed. Counsel were then directed to address their peremptory challenges to the entire twenty-four and not merely to the first twelve randomly selected. We held this procedure constituted reversible error:

"The procedure adopted here put both the state and defendant on notice as to who would be sitting on the trial jury, eliminating to a degree this element of chance inherent in the selection of a jury." *Id.* at 35, 367 P.2d at 585.

"Such a course is not a mistake in procedure, it is substitution of procedure. What would excuse a mistake in procedure would not and could not be held to allow the creation of a course unprovided for by law." *Id.* at 36, 367 P.2d at 586.

The same reasoning is applicable here. The procedure used by the trial court took away the chance alluded to in *Carringer*. By giving the state two final challenges and then limiting the replacement pool to two people, the jury was not selected randomly.

Any replacement jurors for jurors peremptorily challenged should have been selected from the entire pool at random. To adopt another procedure is error and here it requires reversal of the conviction.

■ The magistrate below also varied from normal procedure in the exercising of the peremptory challenges. By the state passing their turn in the second and third

rounds of peremptory challenges and then attempting to exercise them the mandated process was destroyed. I.C. § 19–2030 states, "After the jury is passed for cause, both parties alternately, beginning with the people, may take their peremptory challenges."

As the record shows, this was not the case below. The challenges were not exercised alternately. Latham took his second and third challenges and then the state was allowed their second and third challenges.

The state contends that they merely passed on the second and third rounds reserving their challenges for later. They rely on the language in I.C. § 19–2030: "But no challenge is lost by failing to alternate if the panel is opened by the other party * * *."

We disagree. To allow the state to reserve a peremptory challenge by passing would destroy the required alternation. The state is required to begin the peremptory challenges. I.C. § 19–2030. If the state were allowed to pass, but reserved the challenge, the defendant would then be forced to begin the peremptory challenges. We cannot imagine the Legislature would set out the order for alternation and then allow that order to be modified as would be done here.

What I.C. § 19–2030 does provide is that by waiving a peremptory challenge during one round, *no subsequent* peremptory challenge is lost.

Each peremptory challenge must either be exercised or waived. In *Dopp v. Union Pacific Railroad Company*, 95 Idaho 702, 518 P.2d 964 (1974), we affirmed the rationale that:

"Each party may exercise his right of peremptory challenge, a new juror being called after the exercise of any such challenge. These peremptory challenges must be taken by the parties alternately, commencing with the plaintiff. Either party may waive or exercise his right of peremptory challenge, and this must be done alternately. This practice has long been followed in this state, and we see no reason to depart from it." *Hurt v. Monumental Mercury Min. Co.*, 35 Idaho 295, 206 P. 184 (1922).

The only way to preserve the statute's requirement that the parties, beginning with the state, alternately take their peremptory challenges is to hold that each party must, in turn, either exercise or waive a peremptory challenge.

Order affirming conviction reversed.

McFADDEN, C. J., SHEPARD and BISTLINE, JJ., and DUNLAP, District Judge, Retired, concur.